UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lausteveion Johnson,<br><br>    Plaintiff<br><br>v.<br><br>Northern Nevada Correctional Center, et al.,<br><br>    Defendants | 2:15-cv-00884-JAD-NJK<br><br>**Order Granting Motion for Leave to File Second Amended Complaint**<br><br>[ECF No. 39] |

Nevada state-prison inmate Lausteveion Johnson sues the Nevada Department of Corrections (NDOC) and several prison officials and employees for a myriad of civil-rights violations. On January 21, 2016, I screened Johnson's amended complaint under the Prison Litigation Reform Act (PLRA), dismissed some of Johnson's claims with prejudice and without leave to amend, permitted others to proceed, and stayed this case for 90 days to allow the parties a chance to settle their dispute.[1] Despite three extensions of the litigation stay, the parties were unable to reach a settlement and this case was returned to the normal litigation track. Johnson now requests leave to file a second amended complaint to clarify his allegations.

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires," but leave to amend may be denied if the proposed amendment is futile.[2] In determining whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.[3]

---

[1] *See* ECF No. 11.

[2] *Carrico v. City & Cty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[3] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal citation omitted).

The second amended complaint appears to be a considerably streamlined version of the amended complaint, which is helpful to the court and the parties. There is no evidence of bad faith or undue delay, and it does not appear that defendants would be prejudiced by the amendments. Additionally, Johnson is proceeding pro se and this is only his second request for amendment. I also do not find that the proposed amendments would be futile. Defendants offer only a limited opposition to the second amended complaint: count V is a denial-of-access-to-the-courts claim against defendants Renee Baker and law librarian L. Young.[4] I dismissed with prejudice Johnson's denial-of-access claims against L. Young in the screening order and permitted those claims to proceed only against Baker.[5] I find that this argument is best addressed in the context of a motion to dismiss or motion for summary judgment. In light of defendants' limited opposition, I find that the above factors favor granting Johnson's motion.

Accordingly, IT IS HEREBY ORDERED that Johnson's motion for leave to file a second amended complaint [**ECF No. 39] is GRANTED**. The Clerk of Court is directed to FILE the second amended complaint [ECF No. 39-1].

IT IS FURTHER ORDERED respondents must respond to the second amended complaint by April 21, 2017. Because discovery has already closed and it does not appear that the amendments require any additional discovery, I decline to reopen discovery. But I extend by 30 days the deadlines for summary-judgment motions and the joint pretrial order: summary-judgment motions are due by May 19, 2017, and the proposed joint pretrial order is due June 19, 2017.

Dated this 31st day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[4] ECF No. 40.

[5] ECF No. 11 at 14.