1  ADAM PAUL LAXALT
     Attorney General
2  Frank A. Toddre II (Bar. No. 11474)
     Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Avenue, Suite 3900
   Las Vegas, NV 89101
5  (702) 486-3149 (phone)
   (702) 486-3773 (fax)
6  ftoddre@ag.nv.gov

7  Attorneys for Defendants Isidro Baca,
   Renee Baker, Julio Calderin, James Cox,
8  Brandon Lawrence, Luis Lopez, Dwight Neven,
   Brian Williams and Johnny Youngblood

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Lausteveion Johnson,<br><br>   Plaintiff,<br><br>vs.<br><br>Northern Nevada Correctional Center, et al.,<br><br>   Defendants. | CASE NO. 2:15-cv-00884-JAD-NJK<br><br>**MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**(SECOND AND FINAL REQUEST)** |

Defendants, Isidro Baca, Renee Baker, Julio Calderin, James Cox, Brandon Lawrence, Luis Lopez, Dwight Neven, Brian Williams, and Johnny Youngblood, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Frank A. Toddre II, Deputy Attorney General, hereby move for a final extension of the remaining discovery and scheduling deadlines for an additional seventy-five (75) days. Defendants' motion is based on Federal Rule of Civil Procedure 7 and Local Rules 7-2 and 26-4, the following memorandum of points and authorities, the pleadings and papers on file and the attached Declaration of Counsel.

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

This is an inmate civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Lausteveion Delano Johnson (Plaintiff) is an inmate in the custody of the Nevada Department of Corrections (NDOC), currently housed at Southern Desert Correctional Center (SDCC). That the causes of action took place while incarcerated at Northern Nevada Correctional Center (NNCC), SDCC, Ely State Prison (ESP), and High Desert State Prison (HDSP). The Original Complaint alleged six discrete claims for Eighth Amendment Deliberate indifference to medical needs, First Amendment Religious exercise violations, First Amendment retaliation claims, First Amendment access to the Courts, and Fourteenth Amendment equal protection claims. (ECF No. 2). The initial Screening Order dismissed certain First and Eighth Amendment claims. (ECF No. 11).

The parties' Early Mediation Conference was initially set for May 27, 2016, but was vacated for global settlement negotiations. The parties conducted two global settlement conferences, the final conference occurring on July 22, 2016. No settlement was reached and Judge Foley found that all of Johnson's cases should be returned to the normal litigation track and lifted the associated global stay. (ECF No. 19).

An inmate early mediation conference was set for October 7, 2016. (ECF No. 21). A settlement was not reached. (ECF No. 24). The Court has entered its initial Scheduling Order regarding representation and responsive pleadings. (ECF No. 26).

Johnson filed a Motion for Appointment of Counsel on October 27, 2016. (ECF No. 28). Defendants opposed on November 9, 2016. (ECF No. 29). The Court denied the motion finding that Johnson had not demonstrated "exceptional circumstances" to support an appointment. (ECF No. 33).

Defendants filed an Answer on December 16, 2016. (ECF NO. 34). The Court issued its scheduling Order, with a discovery deadline of March 20, 2017. (ECF No. 36). Johnson has propounded discovery to all Defendants and it has been answered.

///

Defendants propounded discovery upon Johnson on February 9, February 15, and March 15, 2017. Johnson advised that he had lost the discovery requests. *See* **Ex. A** "Declaration of Counsel". Parties agreed to a 60 day extension, Defendants filed said request on March 16, 2017. (ECF No. 43). Johnson subsequently advised that he need a new copy of all discovery. Ex. A.

Parties had an additional meet and conferred and agreed upon another extension of time. Ex. A. On May 8, 2017, Defendants received Johnson's answered parts of the discovery in undated correspondence. The discovery responses do not comply with FRCP 30 or 36 in form and Johnson has not responded to any of the Requests for Production.

In attempting contact with Johnson, it was discovered that Johnson has been placed in Disciplinary Segregation for an unrelated matter.

With the additional discovery time, Defendants will seek to cure written discovery defects through an oral deposition in an effort to conserve judicial resources and avoid unnecessary motion practice over problems that are likely rooted in procedural inefficiency and prison litigation logistical concerns rather than willful disregard of the written discovery.

## II. APPLICABLE LEGAL STANDARD

Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,

1     (d) A proposed schedule for completing all remaining discovery.

## III. ARGUMENT

Defendants submit that there is good cause and excusable neglect to extend the remaining discovery and scheduling deadlines for an additional seventy-five (75) days. Defendants have propounded significant discovery to Plaintiff which remains substantially unanswered. Plaintiff answered parts of the discovery in an undated correspondence, post marked on May 5, 2017, which Defendants received on May 8, 2017. In reviewing the responses, it was discovered that responses do not comply with FRCP 30 or 36 in form and Plaintiff did not respond to any of the Requests for Production.

In attempting contact with Plaintiff to conduct a third meet and confer, it was discovered that Plaintiff has been placed in Disciplinary Segregation for an unrelated matter, and was not immediately available for the shortened timeframe required by Counsel.

In an effort to conserve judicial resources and avoid unnecessary motion practice over problems that are likely rooted in procedural inefficiency and prison litigation logistical concerns rather than willful disregard of the written discovery, Defendants now seek to take an oral deposition of Plaintiff. Defendants provide the following information pursuant to Local Rule 26-4.

### A. Discovery Completed

As of the filing of this motion, the following written discovery has been completed. The time of receipt and time of response is provided.

| Propounding Party | Answering Party | Written Discovery | Date of Service | Responsive Date |
|---|---|---|---|---|
| Johnson | Baca | ROG Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| Johnson | Lopez | ROG Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| Johnson | Lawrence | ROG Set One | Jan. 13, 2017 | Feb. 14, 2017 |
| Johnson | Youngblood | ROG Set One | Jan. 13, 2017 | Feb. 9 2017 |
| Johnson | Williams | ROG Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| Johnson | Neven | ROG Set One | Jan. 13, 2017 | Feb. 13, 2017 |
| Johnson | Calderin | ROG Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| Johnson | Baker | ROG Set One | Jan. 13, 2017 | Feb. 14, 2017 |

| | | | | |
|---|---|---|---|---|
| Johnson | "Defendants" | RPD Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| Baker | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| Williams | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| Cox | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| Neven | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| Baca | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| Baker | Johnson | ROG Set One | Feb. 9, 2017 | Feb. 14, 2017 |
| Calderin | Johnson | ROG Set One | Feb. 9, 2017 | Feb. 14, 2017 |
| Youngblood | Johnson | ROG Set One | Feb. 9, 2017 | Feb. 14, 2017 |
| Baker | Johnson | RFA Set Two | Feb. 9, 2017 | Feb. 14, 2017 |
| Calderin | Johnson | RFA Set One | Feb. 9, 2017 | Feb. 14, 2017 |
| Youngblood | Johnson | RFA Set One | Feb. 9, 2017 | Feb. 14, 2017 |

B. **Discovery That Remains to be Completed**

The following discovery has been propounded but not yet satisfactorily answered:

| Propounding Party | Answering Party | Written Discovery | Date of Service | Substantially Unresponsive Date |
|---|---|---|---|---|
| Baker | Johnson | RPD Set One | Feb. 9, 2017 | n/a |
| Calderin | Johnson | RPD Set One | Feb. 9, 2017 | n/a |
| Youngblood | Johnson | RPD Set One | Feb. 9, 2017 | n/a |
| Cox | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Cox | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Williams | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Williams | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Baca | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Baca | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Neven | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Neven | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Lawrence | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Lawrence | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Lawrence | Johnson | RFA Set One | Feb. 15, 2017 | May 5, 2017 |
| Baker | Johnson | ROG Set Two | Feb. 17, 2017 | May 5, 2017 |
| Baker | Johnson | RPD Set Two | Feb. 17, 2017 | n/a |
| Baker | Johnson | RFA Set Three | Feb. 17, 2017 | May 5, 2017 |
| Lopez | Johnson | ROG Set One | Feb. 17, 2017 | May 5, 2017 |
| Lopez | Johnson | RPD Set One | Feb. 17, 2017 | n/a |
| Lopez | Johnson | RFA Set One | Feb. 17, 2017 | May 5, 2017 |
| Neven | Johnson | ROG Set 2 | March 14, 2017 | May 5, 2017 |

///

### C. Reasons why the Deadlines Were not Satisfied

During the first meet and confer, Plaintiff expressed confusion on how and why to respond to discovery requests. Plaintiff also initially requested a one year extension of discovery. Parties instead agreed upon a 60 day extension, and that if the 60 day was not sufficient it would likely be amenable to further requests so long as Mr. Johnson did provide sufficient notice for this office to draft a motion and conduct meet and confers under the local rules.

During the second meet and confer, Plaintiff stated that he needed all the unanswered discovery to be resent. Parties also agreed to an additional extension. This motion contemplates this agreed upon extension request. Prior to Defendants requesting said extension, Plaintiff answered parts of the discovery. The deadline to file discovery motions is currently June 2, 2017.

Plaintiff was unavailable for a third meet and confer to discuss deposition due to disciplinary issues and Counsel only had a limited window to discuss the same. Rather than file a motion to compel, Defendants, optimistically, believe that recent discovery problems are likely rooted in procedural inefficiency and prison litigation logistical concerns rather than willful disregard of the written discovery. Accordingly, Defendants now seek to take an oral deposition of Plaintiff.

### D. Proposed Schedule for Remaining Scheduling Deadlines

Defendants propose the following remaining discovery and scheduling deadlines which are based upon a request for a seventy-five day extension.

| | |
|---|---|
| August 2, 2017 | Close of Discovery. |
| August 16, 2017 | Discovery Motion Deadline. |
| August 19, 2017 | Dispositive Motion Deadline. |
| September 19, 2017 | Joint Pretrial Order due (suspended until 30 days after the Court resolves dispositive motions). |

///

///

## IV. CONCLUSION

There is good cause and excusable neglect to extend the remaining discovery and scheduling deadlines, and accordingly Defendants' motion should be granted.

DATED this 25th day of May, 2017.

Respectfully submitted,

ADAM PAUL LAXALT
Attorney General

By: /s/ Frank A. Toddre II
Frank A. Toddre II (Bar. No. 11474)
Deputy Attorney General

Attorneys for Defendants Isidro Baca, Renee Baker, Julio Calderin, James Cox, Brandon Lawrence, Luis Lopez, Dwight Neven, Brian Williams and Johnny Youngblood

IT IS SO ORDERED.

Dated: May 26, 2017.

_____
UNITED STATES MAGISTRATE JUDGE