1  ADAM PAUL LAXALT
   Attorney General
2  Frank A. Toddre II (Bar. No. 11474)
   Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Avenue, Suite 3900
   Las Vegas, NV 89101
5  (702) 486-3149 (phone)
   (702) 486-3773 (fax)
6  ftoddre@ag.nv.gov

7  Attorneys for Defendants Isidro Baca,
   Renee Baker, Julio Calderin, James Cox,
8  Brandon Lawrence, Luis Lopez, Dwight Neven,
   Brian Williams and Johnny Youngblood

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Lausteveion Johnson, | CASE NO. 2:15-cv-00884-JAD-NJK |
| Plaintiff, | **MOTION TO EXTEND DISPOSITIVE MOTION DEADLINES** |
| vs. | **(THIRD REQUEST)** |
| Northern Nevada Correctional Center, et al., | |
| Defendants. | |

Defendants, Isidro Baca, Renee Baker, Julio Calderin, James Cox, Brandon Lawrence, Luis Lopez, Dwight Neven, Brian Williams, and Johnny Youngblood, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Frank A. Toddre II, Deputy Attorney General, hereby move for an extension of the dispositive motion deadline for an additional forty-five (45) days. Defendants' motion is based on Federal Rule of Civil Procedure 7 and Local Rules 7-2 and 26-4, the following Memorandum of Points and Authorities, the pleadings and papers on file and the attached Declaration of Counsel.

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

This is an inmate civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff, Lausteveion Delano Johnson, (Plaintiff) is an inmate in the custody of the Nevada Department of Corrections (NDOC), currently housed at Southern Desert Correctional Center (SDCC). The causes of action took place while incarcerated at Northern Nevada Correctional Center (NNCC), SDCC, Ely State Prison (ESP), and High Desert State Prison (HDSP). The Original Complaint alleged six discrete claims for Eighth Amendment Deliberate indifference to medical needs, First Amendment Religious exercise violations, First Amendment retaliation claims, First Amendment access to the Courts, and Fourteenth Amendment equal protection claims. (ECF No. 2). The initial Screening Order dismissed certain First and Eighth Amendment claims. (ECF No. 11).

The parties' Early Mediation Conference was initially set for May 27, 2016, but was vacated for global settlement negotiations. The parties conducted two global settlement conferences, the final conference occurring on July 22, 2016. No settlement was reached and Judge Foley found that all of Johnson's cases should be returned to the normal litigation track and lifted the associated global stay. (ECF No. 19).

An inmate early mediation conference was set for October 7, 2016. (ECF No. 21). A settlement was not reached. (ECF No. 24). The Court has entered its initial Scheduling Order regarding representation and responsive pleadings. (ECF No. 26).

Johnson filed a Motion for Appointment of Counsel on October 27, 2016. (ECF No. 28). Defendants opposed on November 9, 2016. (ECF No. 29). The Court denied the Motion finding that Johnson had not demonstrated "exceptional circumstances" to support an appointment. (ECF No. 33). Defendants filed an Answer on December 16, 2016. (ECF NO. 34). The Court issued its scheduling Order, with a discovery deadline of March 20, 2017. (ECF No. 36).

The parties filed their first Motion to Extend Discovery on March 16, 2017 in order to re-propound discovery to Johnson which had been lost during housing transfer. (ECF

No. 43). The Court granted the Order and extended the discovery deadline until May 19, 2017 and dispositive motion deadline until June 19, 2017. (ECF No. 44).

The Parties filed their Second Motion to Extend Discovery on May 25, 2017. The Defendants advised that they sought to take an oral deposition in an effort to conserve judicial resources and avoid unnecessary motion practice over repetitive problems with written discovery. (ECF No. 63). The Court granted the Order, setting a close of discovery for August 2, 2017, and a dispositive Motion Deadline of August 19, 2017.

Defense Counsel, Frank Toddre II, deposed Lausteveion Johnson at High Desert State Prison on July 21, 2017. The deposition was continued twice due to operational conflicts at the Prison. The Deposition Court Reporter advised that the deposition transcript would likely be available three weeks after the deposition, with a hopeful date of August 11, 2017.

The parties discussed an extension of the dispositive motion only after the deposition and agreed that a brief extension of the dispositive motion deadline only was appropriate based upon the following:[1] 1) Both parties needed more time than a week with the transcript to effectively utilize the transcript for dispositive motions; 2) Mr. Johnson has what appears to be a firm two week trial setting on August 21, 2017,[2] in Case No. 2:14-cv-00110; 3) there would be no additional discovery or extension of discovery deadlines; 4) the parties are conducting meaningful global settlement discussions from the -110 case that will likely have an impact upon the instant matter; and 5) the parties have an Early Mediation Conference in a third case that the parties will likely be discussing global settlements with a mediator.[3] Accordingly, the parties contend and agree that a forty-five day extension of the dispositive motion deadline is reasonable and appropriate.

---

[1] *See* generally Exhibit A, Declaration of Counsel

[2] *See* Exhibit B, Stipulation to Continue Trial, Case 2:14-cv-00110

[3] *See* Exhibit C, Order Setting Inmate Conference, Case 2:16-cv-01889

## II. APPLICABLE LEGAL STANDARD

Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
> (d) A proposed schedule for completing all remaining discovery.

## III. ARGUMENT

Defendants submit that there is good cause and excusable neglect to extend the dispositive motion deadline for an additional forty-five (45) days. The parties have completed discovery and conducted a deposition. The parties hope to receive the deposition transcript by August 11, 2017.

Mr. Toddre and Mr. Johnson agreed that a brief extension of the dispositive motion deadline was reasonable so that both parties had the opportunity to fully review and utilize the transcript in motion practice. Further, the parties agree that Johnson would not be able to fully develop his own dispositive motion or answer Defendant motions due to the trial setting.

In an effort to conserve judicial resources and avoid unnecessary motion practice over problems that are likely rooted in procedural inefficiency and prison litigation logistical concerns rather than willful disregard of the written discovery, Defendants now seek to take an oral deposition of Plaintiff. Defendants provide the following information pursuant to Local Rule 26-4.

## A. Discovery Completed

As of the filing of this stipulation, the following written discovery has been completed. The time of receipt and time of response is provided.

| Propounding Party | Answering Party | Written Discovery | Date of Service | Responsive Date |
|---|---|---|---|---|
| Johnson | Baca | ROG Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| Johnson | Lopez | ROG Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| Johnson | Lawrence | ROG Set One | Jan. 13, 2017 | Feb. 14, 2017 |
| Johnson | Youngblood | ROG Set One | Jan. 13, 2017 | Feb. 9 2017 |
| Johnson | Williams | ROG Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| Johnson | Neven | ROG Set One | Jan. 13, 2017 | Feb. 13, 2017 |
| Johnson | Calderin | ROG Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| Johnson | Baker | ROG Set One | Jan. 13, 2017 | Feb. 14, 2017 |
| Johnson | "Defendants" | RPD Set One | Jan. 13, 2017 | Feb. 9, 2017 |
| | | | | |
| Baker | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| Williams | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| Cox | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| Neven | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| Baca | Johnson | RFA Set One | Feb. 3, 2017 | Feb. 10, 2017 |
| | | | | |
| Baker | Johnson | ROG Set One | Feb. 9, 2017 | Feb. 14, 2017 |
| Calderin | Johnson | ROG Set One | Feb. 9, 2017 | Feb. 14, 2017 |
| Youngblood | Johnson | ROG Set One | Feb. 9, 2017 | Feb. 14, 2017 |
| Baker | Johnson | RFA Set Two | Feb. 9, 2017 | Feb. 14, 2017 |
| Calderin | Johnson | RFA Set One | Feb. 9, 2017 | Feb. 14, 2017 |
| Youngblood | Johnson | RFA Set One | Feb. 9, 2017 | Feb. 14, 2017 |
| Baker | Johnson | RPD Set One | Feb. 9, 2017 | n/a |
| Calderin | Johnson | RPD Set One | Feb. 9, 2017 | n/a |
| Youngblood | Johnson | RPD Set One | Feb. 9, 2017 | n/a |
| Cox | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Cox | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Williams | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Williams | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Baca | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Baca | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Neven | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Neven | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Lawrence | Johnson | RPD Set One | Feb. 15, 2017 | n/a |
| Lawrence | Johnson | ROG Set One | Feb. 15, 2017 | May 5, 2017 |
| Lawrence | Johnson | RFA Set One | Feb. 15, 2017 | May 5, 2017 |

| Baker | Johnson | ROG Set Two | Feb. 17, 2017 | May 5, 2017 |
| Baker | Johnson | RPD Set Two | Feb. 17, 2017 | n/a |
| Baker | Johnson | RFA Set Three | Feb. 17, 2017 | May 5, 2017 |
| Lopez | Johnson | ROG Set One | Feb. 17, 2017 | May 5, 2017 |
| Lopez | Johnson | RPD Set One | Feb. 17, 2017 | n/a |
| Lopez | Johnson | RFA Set One | Feb. 17, 2017 | May 5, 2017 |
| Neven | Johnson | ROG Set 2 | March 14, 2017 | May 5, 2017 |

**Depositions:** Defendant Counsel Toddre deposed Johnson at High Desert State Prison on July 21, 2017. There are no further depositions scheduled.

**B.  Discovery That Remains to be Completed**

NONE

**C.  Reasons why the Deadlines Were not Satisfied**

The parties have completed discovery and do not request a further extension of discovery. The parties agree that they both need more time to review the deposition transcript in order to effectively utilize and consider the transcript for dispositive motion practice. As noted previously, one of the primary reasons that Defendants deposed Johnson was to clear up improper and incomplete written discovery responses through deposition rather than motion practice. As such, the deposition topics contemplate discovery that Defendants sought months ago through written discovery.

Further, the current dispositive motion deadline is set to run the week before Johnson's -110 trial is set to begin and Johnson, therefore, anticipates that he would be unable to effectively prepare for both the trial and dispositive motions.

Lastly, the parties have engaged in meaningful negotiations in the -110 matter that will likely impact the instant matter. For these reasons set forth above and in declaration, the parties request an extension of the dispositive motion deadline only, and do not request any extension of discovery.

///

///

///

///

### D. Proposed Schedule for Remaining Scheduling Deadlines

Defendants propose the following scheduling deadlines are based upon a request for a forty-five day extension.

    October 3, 2017        Dispositive Motion Deadline.

    November 2, 2017      Joint Pretrial Order due (suspended until 30 days after the Court resolves dispositive motions).

## IV. CONCLUSION

There is good cause and excusable neglect to extend the dispositive motion deadline. The parties submit that there is no need to extend discovery further. Accordingly, the parties request that the Court adopt the proposed schedule for remaining deadlines provided herein.

DATED this 2nd day of August, 2017.

                Respectfully submitted,

                ADAM PAUL LAXALT
                Attorney General

                By: /s/ Frank A. Toddre II
                      Frank A. Toddre II (Bar. No. 11474)
                      Deputy Attorney General

                      Attorneys for Defendants Isidro Baca,
                      Renee Baker, Julio Calderin, James Cox,
                      Brandon Lawrence, Luis Lopez, Dwight Neven,
                      Brian Williams and Johnny Youngblood

IT IS SO ORDERED.
Dated: August 2, 2017

_____
United States Magistrate Judge