# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,

    Plaintiff(s),

v.

LUIS LOPEZ, et al.,

    Defendant(s).

Case No.: 2:15-cv-0884-JAD-NJK

**Order**

[Docket No. 111]

    Months ago the Court set a settlement conference for June 21, 2018. Docket No. 106. Less than two weeks before that settlement conference, counsel for Defendant Lawrence filed a motion to withdraw as his counsel. Docket No. 111. That motion indicates essentially that counsel believes Defendant Lawrence has chosen to abandon his defense in this litigation as he has ceased all communications with counsel. *See id.* at 5. Indeed, although the motion was filed just before the settlement conference, counsel represents that there has been no contact from Defendant Lawrence for more than a year. *Id.* Counsel concludes that "it has become apparent that Lawrence will not be attending" the settlement conference. *Id.* at 6. The motion to withdraw is **DENIED**.

    "Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case." Local Rule IA 11-6(e). In this case, the motion to withdraw was filed less than two weeks before the long-scheduled settlement conference and less than one week before settlement briefs are due. *See* Docket No. 106. It is simply not feasible for counsel to withdraw at this time without delaying the settlement conference. Granting the motion would effectively provide Defendant Lawrence with a few days to draft and

1

deliver a settlement statement, presumably without the aid of an attorney. Especially given that the lack of communication has been known to counsel for months, *see, e.g.*, Docket No. 108 at 4 ("notice" included in motion identifying lack of communication), good cause is lacking to allow withdrawal on the eve of the settlement conference.

While the Court is denying the motion to withdraw, a few additional comments are in order. First, nothing herein relieves Defendant Lawrence from appearing at the settlement conference as ordered.[1] **FAILURE TO APPEAR AT THAT SETTLEMENT CONFERENCE WILL RESULT IN THE INITIATION OF PROCEEDINGS TO IMPOSE CASE-DISPOSITIVE SANCTIONS.** Second, Defendant Lawrence shall **immediately** contact attorney Frank Toddre to either (1) assist Mr. Toddre in the defense of this case or (2) make clear that he will be participating in this litigation with another attorney or *pro se*. Third, the Court makes note of counsel's representations that notice has been provided to Defendant Lawrence of the requirement to appear for the settlement conference. To the extent counsel has indeed taken all reasonable steps to ensure compliance with the Court's order setting the settlement conference, any sanctions imposed for Defendant Lawrence's violation thereof will be directed to Defendant Lawrence himself. Fourth, Defendants' counsel shall provide a settlement statement in accordance with the Court's previous order. To the extent counsel is hindered in certain aspects of preparing that statement given Defendant Lawrence's non-responsiveness, the settlement statement shall so specify.

---

[1] The motion suggests that parties get to pick and choose when to participate in litigation, indicating that "[a]t such time that Lawrence is willing to be an active participant in this litigation, NRS 41.03455, permits him to employ counsel to defend this action on his behalf." Docket No. 111 at 6. The time to participate in litigation is now. To the extent Defendant Lawrence wanted another attorney, he could have retained one already.

2

1 | **Counsel shall promptly provide notice of this order to Defendant Lawrence using the
2 | currently-available contact information, and shall file a proof of service by June 14, 2018.**
3 | IT IS SO ORDERED.
4 | Dated: June 12, 2018

_____
Nancy J. Koppe
United States Magistrate Judge