# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Lausteveion Johnson,

    Plaintiff

v.

Luis Lopez, et al.,

    Defendants

Case No.: 2:15-cv-00884-JAD-NJK

**Order Adopting Report
& Recommendation in Part**

[ECF No. 118]

Lausteveion Johnson brings this civil rights action for events he claims occurred during his incarceration at three Nevada Department of Corrections facilities at which he is or was an inmate. After defendant Brandon Lawrence failed to appear at the court-ordered settlement conference, Magistrate Judge Koppe ordered Lawrence to show cause why judgment should not be entered against him for failing to comply with the court's orders. Lawrence did nothing, and Magistrate Judge Koppe now recommends that I direct judgment to be entered against defendant Lawrence.[1] The deadline for Lawrence to object passed without any filing.

    Johnson sues Lawrence for violating his First Amendment right to Free Exercise and the Religious Land Use and Institutionalized Person s Act (RLUIPA) by not permitting him to have scented oils or observe the mealtime traditions of Ramadan. He pleads these claims collectively against Lawrence, NDOC director James Cox, Ely Warden Renee Baker, and Kitchen Supervisor Luis Lopez. Although I find that entry of default against Lawrence is presently appropriate as a sanction for ignoring this court's orders, default judgment would be premature under the *Frow* doctrine because Lawrence's liability is wrapped up with that of his co-defendants. The *Frow* doctrine recognizes that, "where a complaint alleges that defendants are jointly liable and one of

---

[1] ECF No. 118.

1

them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[2] The Ninth Circuit extends this doctrine to cases in which the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[3] Because Lawrence is similarly situated with his co-defendants in Johnson's Free Exercise and RLUIPA claims, I find that the *Frow* doctrine counsels against a default judgment against Lawrence while these claims are still pending against Cox, Baker, and Lopez.

Accordingly, IT IS HEREBY ORDERED that **the Report and Recommendation [ECF No. 118] is ADOPTED in part. The Clerk of Court is directed to ENTER DEFAULT against defendant Brandon Lawrence.** Johnson may seek a default judgment against Lawrence once his Free Exercise and RLUIPA claims are adjudicated against the other defendants.

Dated: December 27, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[2] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[3] *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).