UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lausteveion Johnson, | Case No.: 2:15-cv-00884-JAD-NJK |
| Plaintiff | **Order to Show Cause Why State Defendants Should Not Be Held In Contempt** |
| v. | |
| Luis Lopez, et al., | [ECF No. 182] |
| Defendants | |

At the February 2020 trial of this civil-rights action, incarcerated plaintiff Lausteveion Johnson prevailed on his claim that Nevada prison officials violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by preventing him from keeping scented prayer oil in his cell. The resulting judgment "entered in favor of the plaintiff and against the defendants J. Youngblood, James Cox, Renee Baker, Brian Williams, Jo Gentry, Isidro Baca, and Julio Calderon (in their official capacities only)" states that "the defendants must allow Johnson to possess no more than a half ounce of scented oil in his cell for personal use with his prayers, administered by the institution's chaplain at the weekly Muslim group prayer service."[1] The judgment was affirmed on appeal in a published opinion earlier this year.[2]

On August 25, 2022, Johnson filed a "Motion for Finding of Contempt," explaining that, despite his success in this litigation, the Nevada Department of Corrections has reinstated the complete ban of scented oils "in pure defiance" of this court's order and the Ninth Circuit's opinion.[3] He asks this court to hold the defendants in contempt and award him compensatory

---

[1] ECF Nos. 172, 173.

[2] ECF No. 178; *Johnson v. Baker*, 23 F.4th 1209, 1213 (9th Cir. 2022).

[3] ECF No. 182.

damages for each prayer he has had to perform without scented oil.  The monetary compensation he requests is not appropriate or available under these circumstances, so I deny that relief.  But I construe the remainder of his motion as a request for an order to show cause why the defendants should not be held in contempt of the court's injunctive-relief judgment, and I grant it as unopposed because no defendant has responded and the September 8, 2022, deadline for response has long passed.

IT IS THEREFORE ORDERED that Johnson's "Motion for Finding of Contempt" **[ECF No. 182] is GRANTED in part and denied in part.  Defendants J. Youngblood, James Cox, Renee Baker, Brian Williams, Jo Gentry, Isidro Baca, and Julio Calderon MUST SHOW CAUSE in writing by November 10, 2022, why they should not be held in contempt of this court's October 13, 2022, judgment [ECF No. 173].**  Failure to respond by showing cause by this deadline may result in a contempt order and appropriate sanctions.  Johnson will have 10 days after service of any such response to file a reply brief.

The court also notes that the record reflects that Johnson remains represented in this matter by Renee Cooper, Esq.  Johnson's filing of this motion on a pro se basis suggests that he is no longer represented by Cooper, who was appointed pro bono for trial purposes only.  **Cooper is directed to file a motion with the court to withdraw** from further representation if she no longer intends to represent Johnson in this case.

**The Clerk of Court is directed to SEND a copy of this order to Johnson directly** at the address reflected on his latest filing:

> Lausteveion Johnson
> # 82138
> Northern Nevada Correctional Center
> P.O. Box 7000
> Carson City, NV 89702

**IT IS FURTHER ORDERED that Lausteveion Johnson must update his address with this court by October 21, 2022, because the last address the court has for him is at the Lovelock facility.**

Dated: October 11, 2022

_____
U.S. District Judge Jennifer A. Dorsey