UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lausteveion Johnson,<br><br>  Plaintiff<br><br>v.<br><br>Luis Lopez, et al.,<br><br>  Defendants | Case No.: 2:15-cv-00884-JAD-NJK<br><br>**Order on Plaintiff's Bill of Costs**<br><br>[ECF No. 182] |

    At the February 2020 trial of this civil-rights action, plaintiff Lausteveion Johnson prevailed on his claim that Nevada Department of Corrections (NDOC) officials violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by preventing him from keeping scented prayer oil in his cell.[1] The judgment was affirmed on appeal in a published opinion early last year.[2] In November 2022, the Ninth Circuit granted Johnson's request for attorneys' fees incurred on appeal.[3] Six days later, Johnson filed a bill of costs seeking $400 in court filing fees.[4] Defendants object, contending that his request should have been filed 14 days after this court's judgment was entered in 2020, making his request more than two years late.[5] Johnson responds that he believed he had to wait until the Ninth Circuit was finished with his case and argues that "final judgment" wasn't entered until November 16, 2022.[6]

---

[1] ECF No. 172; ECF No. 173.
[2] ECF No. 178; *Johnson v. Baker*, 23 F.4th 1209 (9th Cir. 2022).
[3] ECF No. 187.
[4] ECF No. 191.
[5] ECF No. 192.
[6] ECF No. 193.

It appears that Johnson is referring to the Ninth Circuit's attorneys' fees order, as the judgment in this case was affirmed on February 17, 2022.[7]

Under Federal Rule of Civil Procedure 54(d)(1), costs are allowed to the prevailing party. It directs that the clerk of court "may tax costs on 14 days' notice."[8] Local Rule 54-1 states that prevailing parties "must file and serve a bill of costs and disbursements on the form provided by the clerk no later than 14 days after the date of entry of the judgment or decree."[9] Johnson contends that he complied with this requirement by filing his bill of costs within 14 days of the Ninth Circuit's most recent order and asks for leniency if "his understanding of the rule was incorrect."[10] I find good cause to excuse Johnson's tardiness in this case and adjudicate his cost request.

Johnson asks that he be awarded $400—$50 for the court's administrative fee and $350 for the court's filing fee. But because Johnson was proceeding *in forma pauperis* in this action, the administrative fee was waived and he is on a payment plan for the $350 that deducts 20% of his preceding month's NDOC account balance.[11] Thus far he has paid just $13.96 of that filing fee. So I instead order the defendants to pay Johnson the amount he has spent and to pay to the court the balance of that filing fee.

## Conclusion

IS IT THEREFORE ORDERED that costs are awarded at $350.00. Defendants are ordered to pay plaintiff $13.96 and to tender to the Clerk of Court the remaining balance of

---

[7] ECF No. 179.
[8] Fed. R. Civ. P. 54(d)(1).
[9] L.R. 54-1(a).
[10] ECF No. 193.
[11] *See* ECF No. 26.

$336.04, along with a copy of this order. The Clerk of Court is directed to confirm the funds paid and due and to refund any further payments from NDOC that may be deducted from Johnson's account for this action. **NDOC is ordered to cease payments to the court from Lausteveion Johnson's (inmate # 82138) account <u>for this case only</u>. This order does not apply to fees due for other actions that Johnson has filed.**

      **The Clerk of Court is directed to SEND** copies of this order to (1) the Finance Division of the Clerk's Office, and (2) the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

_____
U.S. District Judge Jennifer A. Dorsey
February 9, 2023