UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lausteveion Johnson,<br><br>    Plaintiff<br><br>v.<br><br>Luis Lopez, et al.,<br><br>    Defendants | Case No.: 2:15-cv-00884-JAD-NJK<br><br>**Order Granting in Part Plaintiff's Motion for a Status Check and Directing Defendants to File a Supplemental Brief**<br><br>[ECF Nos. 182, 197] |

    At the February 2020 trial of this civil-rights action, incarcerated plaintiff Lausteveion Johnson prevailed on his claim that Nevada prison officials violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by preventing him from keeping scented prayer oil in his cell. The resulting judgment "entered in favor of the plaintiff and against the defendants J. Youngblood, James Cox, Renee Baker, Brian Williams, Jo Gentry, Isidro Baca, and Julio Calderon (in their official capacities only)" states that "the defendants must allow Johnson to possess no more than a half ounce of scented oil in his cell for personal use with his prayers, administered by the institution's chaplain at the weekly Muslim group prayer service."[1] The judgment was affirmed on appeal in a published opinion early last year.[2]

    On August 25, 2022, Johnson filed a "Motion for Finding of Contempt," explaining that, despite his success in this litigation, the Nevada Department of Corrections (NDOC) has reinstated the complete ban of scented oils "in defiance" of this court's order and the Ninth Circuit's opinion and that he is entitled to purchase scented oils under the injunction.[3] He asks

---

[1] ECF Nos. 172, 173.

[2] ECF No. 178; *Johnson v. Baker*, 23 F.4th 1209, 1213 (9th Cir. 2022).

[3] ECF No. 182 at 4.

this court to hold the defendants in contempt and award him compensatory damages for each prayer he has had to perform without scented oil.[4] The defendants failed to respond, so I issued an order to show cause "why the defendants should not be held in contempt of the court's injunctive-relief judgment."[5]

The defendants then responded, explaining that NDOC began revising its administrative regulation concerning scented oils in March 2022 to remove "the restriction that oils [must] be kept in the chapel for group use only" and to instead "allow all inmates to keep half[-]ounce bottles of oils on their person in their cells."[6] In apparent preparation for this change, "the canteen stopped selling [one-ounce] bottles until" the new regulations were implemented.[7] But the canteen could not sell half-ounce bottles because the regulation was not yet changed, meaning that inmates could not purchase scented oils. For reasons unexplained by NDOC, the regulation was not implemented by August 2022 when Johnson filed his motion for contempt. In September 2022, the canteen began selling one-ounce bottles again and will continue doing so "until the [administrative regulation] can be revised and updated."[8]

But NDOC argues that none of this really matters because the chaplain was giving Johnson oils all along.[9] NDOC accuses Johnson of "manipulating the court" by trying to

---

[4] *Id.* at 11. On March 6, 2023, Johnson filed a "motion for status check on contempt order" requesting an update and that I grant the contempt motion in his favor. ECF No. 197. I grant that motion insofar as this order serves as an update on the status of his motion, but deny his request that I grant him relief at this time. His motion for contempt is still pending and will be ruled on in due course.

[5] ECF No. 183 at 2.

[6] ECF No. 186 at 4.

[7] *Id.*

[8] *Id.*

[9] *See id.* at 5.

broaden the scope of the injunctive order. It contends that the injunction did not require that Johnson be able to *purchase* the oils—it only required that he be allowed to *possess* them—and the Chaplain continued giving Johnson oils even when they were not for sale. But Johnson responds that the defendants are being dishonest with the court and that the chaplain only gave him unscented baby oil during that time, in direct contravention of this court's and the Ninth Circuit's finding that Johnson believes *scented* oils were crucial to his daily prayers. I reviewed the chaplain's declaration, and he certainly omits the word "scented" from his attestation that Johnson received "oils" between March and September 2022.[10]

It appears that both parties agree that NDOC has resumed the sale of scented oils, although they disagree on when Johnson was able to purchase them again: NDOC says sales resumed in September,[11] but Johnson states that he was unable to purchase them until November.[12] So it seems as though any need for the coercive measures Johnson seeks from his contempt motion is moot.[13] But Johnson primarily requests compensatory damages in the form of "$10.00 . . . per prayer, 5 prayer[s] per day" for the time he was left without scented oils in violation of the court's injunction.

After reviewing the pleadings, I cannot determine whether NDOC indeed provided Johnson with *scented* oils from March 2022 through September or November 2022. Johnson says it did not, and the chaplain's affidavit is vague on the type of oil that was given to him during that time. NDOC also did not respond to Johnson's request for compensatory damages to

---

[10] *See* ECF No. 186-1 (Dr. Chad Venters's declaration).

[11] ECF No. 186 at 4

[12] ECF No. 188 at 6.

[13] *See* ECF No. 182 at 11 (seeking damages from March 2022 "until the [j]udgment is complied with").

remedy the injury that Johnson argues he suffered by being forced to pray without scented oils. So I order that the defendants file a supplemental brief addressing these open questions.

## Conclusion

**IT IS THEREFORE ORDERED that the defendants must file a supplemental brief with supporting evidence and authority on the following issues**:

- Whether the institutional chaplain provided Johnson with scented or unscented oil between March and November 2022. The defendants must provide evidentiary support for their factual contentions and explain why they contend that the oils provided to Johnson complied with the court's 2020 order.

- Whether compensatory damages are available to Johnson as a civil contempt sanction if he was not provided with scented oils in violation of this court's injunctive order. The defendants must provide legal authority to support their argument.

**The defendants must file this supplemental brief of no more than 10 pages by April 13, 2023**. Johnson is directed NOT to file a response unless the court so orders.

**IT IS FURTHER ORDERED that** Johnson's motion for a "status check" on his contempt motion **[ECF No. 197] is GRANTED in part**, as this court has herein addressed this status. The court will rule on Johnson's contempt motion in due course, following the receipt of supplemental briefing and any other information the court may require. Johnson's motion is thus DENIED insofar as it asks that this court "return a ruling in plaintiff['s] favor" at this time.[14]

_____
U.S. District Judge Jennifer A. Dorsey
March 14, 2023

---

[14] ECF No. 197 at 2.